UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM G. MOORE,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CASE NO. C10-5400BHS<br>       (CR95-5415BHS)<br><br>ORDER TRANSFERRING SUCCESSIVE 28 U.S.C. SECTION 2255 PETITIONS TO COURT OF APPEALS |

    This matter comes before the Court on William G. Moore's ("Moore") Petition for a Writ of Habeas Corpus Under Title 28 U.S.C. § 2241. Dkt. 1. While Moore labels his petition as one brought under § 2241, it is apparent to the Court from the face of Moore's petition that he raises previously unsuccessful claims attacking only the legality of his conviction and not the execution of his sentence. *Porter v. Adams*, 244 F.3d 1006 (9th Cir. 2001)("will not permit a petitioner to circumvent the successive [28 U.S.C. § 2255] motion bar by bringing a section 2241 petition") *Cf. Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990) (holding that motions brought under § 2255 can test the legality of the sentence imposed, not the manner of its execution); *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984) (stating that petitioners can challenge the execution of their sentences by bringing a petition under § 2241).

    Here, although much of the first two pages of Moore's petition contain arguments as to why the petition is not a § 2255 motion, the Court concludes that such arguments have no merit as the substantive arguments in Moore's petition clearly address the legality of his conviction rather than the execution of his sentence. *Cf. Doganiere*, 914 F.2d at 169-70; *Giddings*, 740 F.2d at 772. As the Ninth Circuit held, Moore cannot

circumvent the successive § 2255 motion bar by labeling his petition as one brought under § 2241.  244 F.3d at 1007.   Therefore, the Court concludes that Moore's § 2241 petition is converted to a motion to vacate, set aside or correct sentence pursuant to § 2255 as the motion addresses Moore's sentence rather than the conditions of his confinement.  *See* 28 U.S.C. §§ 2241 & 2255.

Moore has previously filed at least ten successive motions pursuant to § 2255.  (*See* 3:07-CV-5457 at Dkt. 4).  This Court lacks authority to review successive habeas motions filed without an authorization from the Ninth Circuit Court of Appeals.  § 2255.

Therefore, it is ORDERED that Petitioner's § 2255 motion is TRANSFERRED to the Ninth Circuit Court of Appeals for determination of whether his motion should be authorized pursuant to 28 U.S.C. § 2244(b)(3).

DATED this 16th day of June 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER